WO                                                                                                          JB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Dean,<br><br>               Plaintiff,<br><br>vs.<br><br>Terry Allred, et al.,<br><br>               Defendants. | No.  CV 13-1202-PHX-GMS (MEA)<br><br>**ORDER** |

Before the Court is Miner's Motion to Dismiss (Doc. 52). The parties are familiar with the factual background of this case and its procedural history. Miner moves to dismiss both the deliberate indifference and negligence claims presented against her. The motion will be granted in part and denied in part.

**I.      LEGAL STANDARD**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

**II.    Discussion**

    **A.    Deliberate Indifference**

Plaintiff pleads the following facts against Miner. Plaintiff was released from the hospital and sent back to the Arizona Department of Corrections on September 8, 2012,

with instructions to return to the hospital within 7-10 days to undergo surgery. Plaintiff advised Miner of the surgeon's recommendation and she reviewed Plaintiff's consultation records and plan of care form, which indicated that Plaintiff should be returned to the hospital within 7-10 days. Miner misrepresented the hospital physician's discharge instruction in Plaintiff's medical record by indicating that Plaintiff should follow up with the surgeon for "possible" surgery despite her knowledge that Plaintiff *required* surgery (Doc. 24, Am. Compl. ¶¶ 27-35; 56-59).

To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). A prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a

prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).

There are no facts in Plaintiff's pleading to support a plausible inference that Miner *intentionally* misrepresented the surgeon's instructions with the intent to deny Plaintiff his necessary surgery. Nor are there any allegations that Miner's use of the word "possible" to describe Plaintiff's need for surgery was the reason he was not timely returned to the hospital. And finally, except for making a notation in Plaintiff's medical records, there are no other allegations connecting Miner to Plaintiff's treatment.

To rise to the level of a constitutional violation, the indifference must be substantial and the action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105. Plaintiff's claim against Miner simply does not rise to the requisite level of intentional conduct and it will be dismissed.

**B.     Negligence**

There is no question, in contrast, that Plaintiff adequately states a plausible negligence claim against Miner; the Court has previously indicated as such (Doc. 45 at

10). Rather, Miner argues that Plaintiff's failure to comply with Ariz. Rev. Stat. § 12-2603 mandates dismissal of his claim. That statute provides that a plaintiff must provide a written certification whether expert opinion testimony is necessary to prove standard of care or liability to support a negligence claim. There is also no dispute that Plaintiff has not complied with the statute. But Miner offers no support for the conclusion that dismissal is the automatic penalty for failure to so certify. The Court will therefore direct Plaintiff to file his certification whether or not expert testimony is required **within 14 days**. *See Amor v. Arizona*, 2010 WL 960379 (D. Ariz. March 15, 2010). Plaintiff must then disclose his preliminary expert affidavit in accordance with the Court's Scheduling Order and 12-2603(B). If Plaintiff fails to comply, his claims may be dismissed pursuant to A.R.S. § 12-2603(D).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Miner's Motion to Dismiss (Doc. 52). All other matters must remain referred to the Magistrate Judge for disposition as appropriate.

(2) Miner's Motion to Dismiss (Doc. 52) is **granted in part and denied in part**. Plaintiff's deliberate indifference claim against Miner in Count I is **dismissed**. The motion is otherwise **denied**.

(3) Plaintiff must file his certification whether or not expert testimony is required **within 14 days**. Plaintiff must then disclose his preliminary expert affidavit in accordance with the Court's Scheduling Order and 12-2603(B).

/ / /

    (4)    Miner must file an Answer **within 14 days** of this Order.

Dated this 28th day of February, 2014.

_____
/G. Murray Snow
United States District Judge

- 6 -