IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Dean,<br><br>    Plaintiff,<br><br>    v.<br><br>Terry Allred, Richard Rowe, Laura Miner, unknown Clinical Coordinator for ASPC-Lewis, Swift Transportation Company of Arizona, LLC, Common Market Equipment Co., LLC, Wexford Health Sources, Inc.<br><br>    Defendants. | CIV 13-01202 PHX GMS MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE G. MURRAY SNOW:**

Before the Court is Plaintiff's "Motion to Join Additional Parties" as defendants in this matter, docketed May 2, 2014. See Doc. 97.[1] Plaintiff seeks to "join Erica Johnson (Patient Care Technician) and Sumi Erno (Complex Manager) as additional parties to this action." Defendants have not responded to the motion.

Plaintiff, who is represented by counsel in this matter, filed a complaint on June 13, 2013, alleging a violation

---

[1] The scheduling order issued in this matter required all motions to amend the complaint or to join "additional parties" be filed by May 2, 2014.

of his federal constitutional rights while incarcerated, and also alleging state law-based claims against Defendants Mireupow, Wexford, Common Market Equipment LLC ("CME"), and Swift.[2] Defendants CME and Swift answered the complaint on July 23, 2013. See Doc. 9. On August 1, 2013, Defendant Richard Rowe filed a motion to dismiss. On August 15, 2013, Defendant Wexford filed a motion to dismiss. In an order dated October 7, 2013, the Court granted the motions to dismiss, dismissed Defendant Rowe from this matter, and ordered Plaintiff to file an amended complaint curing the deficiencies noted in the order on or before November 6, 2013. See Doc. 21. Plaintiff docketed the amended complaint, naming as Defendants Terry Allred, Richard Rowe, Laura Miner, unknown Clinical Coordinator for ASPC-Lewis, Swift Transportation Company of Arizona, LLC, Common Market Equipment Co., LLC, and Wexford Health Sources, Inc. See Doc. 24.

Defendant Rowe filed a motion to dismiss on October 29, 2013. Defendants Swift and Common Market Equipment answered the complaint on November 5, 2013. Defendant Wexford filed a motion to dismiss on November 11, 2013. Defendant Allred joined in

---

[2] Plaintiff claims that while incarcerated in the Arizona Department of Corrections, he was ordered to perform labor for Defendants CME and Swift. Plaintiff did not receive safety or specialized training in moving heavy equipment or machinery, but was tasked with moving heavy equipment and machinery. Plaintiff alleges that on September 7, 2012, a negligently maintained 10-ton capacity jack fell onto his right hand and crushed and fractured multiple bones.

Defendant Rowe's motion to dismiss on December 2, 2013.

On January 22, 2014, the Court granted in part and denied in part Defendant Rowe's motion to dismiss; Plaintiff's negligence claim against Rowe was dismissed. The Court also granted in part and denied in part Defendant Wexford's motion to dismiss, dismissing Count II and any portion of Count III against Wexford predicated on responsibility for the actions of Defendants Rowe, Allred, and the Unnamed Clinical Coordinator. The Court determined Plaintiff's respondeat superior negligence claim based on Defendant Miner's conduct remained. The Court ordered Defendants Rowe, Allred, and Wexford to docket an answer. See Doc. 45.

On January 23, 2014, Plaintiff moved to further amend the complaint. See Doc. 46.[3] Plaintiff sought leave to amend the previously-amended complaint to, *inter alia*, join "Wexford's (presently unknown) Health Services Administrator for ASPC-Lewis during September 2012" and to "[a]llege the (presently unknown) Clinical Coordinator was a Wexford employee during September 2012." Doc. 46 at 2. Defendants responded that: "A close reading of Plaintiff's Proposed Second Amended Complaint demonstrates that the allegations against these 'unnamed' Defendants contain only conclusory allegations, and no well-pled allegations of 'facts' upon which liability may be imposed."

---

[3] On February 25, 2014, the Court issued a scheduling order requiring that discovery be completed by October 28, 2014. On February 10, 2014, Defendant Miner filed a motion to dismiss for failure to state a claim (Doc. 52). On March 10, 2014, Defendants Allred and Rowe filed a motion to dismiss alleging Plaintiff did not administratively exhaust his claims prior to filing suit.

Finding that the proposed amended claims were not futile, the Court granted the motion for leave to amend.

Plaintiff's motion to join parties avers: "Wexford has indicated that the positions Health Services Administrator and Clinical Coordinator were not in existence at ASPC-Lewis in September 2012." Doc. 97. Plaintiff further asserts: "Plaintiff made discovery requests regarding persons/positions responsible for ensuring Mr. Dean was returned for definitive ORIF...." "In response to a discovery correspondence sent on Mr. Dean's behalf, Wexford has identified Erica Johnson (Patient Care Technician) and Sumi Erno (Complex Manager) as "persons of interest." Id. Plaintiff also states: "Incidentally, Wexford states the ASPC-Lewis Complex Manager 'ceased employment' on September 8, 2012 (the day after Mr. Dean was returned from Tempe St. Luke's Hospital)." Id. "Accordingly, Mr. Dean respectfully requests leave to join Erica Johnson (Patient Care Technician) and Sumi Erno (Complex Manager)" as defendants in this matter. Id.

Plaintiff has not lodged a proposed amended complaint or otherwise explained how these potential defendants engaged in acts constituting a violation of his federal constitutional rights. The letter from a Wexford representative to Plaintiff's counsel which is attached to the motion states, after identifying Sumi Erno and Erica Johnson as people whose names are on Plaintiff's medical records, "I am not sure if these are the persons you are interested in...." and that other individuals' names appear on the medical records disclosed by

-4-

Defendants. The fact that another Defendant stated that these two individuals were "persons of interest" would, at best, indicate that these individuals might be witnesses to or have information regarding the events at issue.

**IT IS THEREFORE RECOMMENDED that** Plaintiff's motion at Doc. 97 be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b)(2), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2(e)(1), Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or

legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 22nd day of May, 2014.

_____
Mark E. Aspey
United States Magistrate Judge

-6-